UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SPANO, SR.,

        Petitioner,

v.

                                     CASE NO. 2:06-13720
                                     HONORABLE ARTHUR J. TARNOW

WARDEN C. EICHENLAUB,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION UNDER RULE 60(b)

Petitioner Michael Spano, Sr., has moved for reconsideration of the Court's opinion and order denying his habeas corpus petition. The habeas petition challenges prison disciplinary proceedings, which arose from Petitioner's telephone call to his daughter asking her to notify a fellow inmate's wife that the inmate was taken to the hospital. Petitioner was charged with use of the telephone for abuses other than criminal activity. He alleged in his habeas petition that his conduct did not violate federal regulations because he did not make a third-party call. The Court concluded that "some evidence" supported the disciplinary decision, *see Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985), and that the classification of Petitioner's calls as third-party calls was reasonable.

In his motion for reconsideration, Petitioner alleges that he recently discovered the definition of a three-way call. The definition reads:

> Any call automatically forwarded to any other number or communication device
> is considered a 3-way call. Another example of a 3-way call is the receiving
> individual of an inmate telephone call communicating with another individual

utilizing any communication device.

Petitioner asserts that his conduct was not a three-way call because his call was not automatically forwarded to another number. While this conclusion apparently is true, Petitioner's call did result in a receiving individual (Petitioner's daughter) communicating with another individual (the inmate's wife) utilizing a communication device. Thus, under the definition provided by Petitioner, he was guilty of the prohibited conduct.

Petitioner's "newly discovered evidence" under Federal Rule of Procedure 60(b)(2) does not entitle him to relief because the Court was not misled by a "palpable defect." Local Rule 7.1(g)(3) (E.D. Mich. Dec. 1, 2005). The motion for reconsideration [Dkt. 9, Feb. 26, 2007] is DENIED.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: August 3, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 3, 2007, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary